JOURNAL ENTRY and OPINION
Plaintiff-appellant Dorothy D. Burnett appeals the decision of the trial court granting judgment in favor of defendants-appellees AMEX Assurance Co., American Express Property Casualty Co., and TDS Property Casualty Insurance Co. (collectively, AMEX). For the reasons below, we affirm.
On July 27, 1997, Burnett was struck by an automobile and sustained injuries. At the time of the accident, Burnett had both homeowner's and automobile insurance with AMEX Assurance Company.[1] Burnett received an amount from the motorist who struck her that did not cover all of her medical expenses. AMEX paid Burnett an amount equal to her policy limit under her automobile insurance policy. However, AMEX refused to provide uninsured/underinsured (UM/UIM) motorist coverage to Burnett under her homeowner's policy.
On February 28, 2000, Burnett filed a complaint against AMEX Assurance Company, The American Express Property Casualty Companies, and TDS Property Casualty Insurance Co., seeking a declaratory judgment finding that her homeowner's insurance policy provides underinsured motorist coverage by operation of law and that AMEX could not offset the amounts paid under the automobile insurance policy. Burnett also alleged that AMEX acted in bad faith by stating that she would not receive her policy limit without court order.
Burnett and American Express Property Casualty Co. filed cross-motions for summary judgment. The trial court denied Burnett's motion and granted summary judgment in favor of American Express.
Burnett raises the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES.
 A. THE POLICY OF HOMEOWNER'S INSURANCE ISSUED BY APPELLEES TO DOROTHY BURNETT PROVIDES UNINSURED/UNDERINSURED MOTORIST INSURANCE AS A MATTER OF LAW THEREBY ENTITLING DOROTHY BURNETT TO HER CLAIM FOR BENEFITS ARISING OUT OF SUCH COVERAGE.
 B. APPELLEES HAVE ACTED IN BAD FAITH IN HANDLING DOROTHY BURNETT'S CLAIM.
At issue is the following language of Burnett's homeowner's insurance policy:
Exclusions
 Under Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover:
 1. Bodily injury or property damage arising out of the ownership, maintenance, use, operation, loading or unloading of or entrustment to anyone by an insured person of, or parental liability imposed by law for the actions of a minor using:
* * *
 b.) A land motor vehicle designed for use on public roads, or any trailer while it is used with such vehicle, other than a recreational land motor vehicle, owned or operated by or rented or loaned to an insured person.
 We do provide coverage if the land motor vehicle is not subject to motor vehicle registration because it is:
1.) Used exclusively on the insured premises; or
 2.) Kept in dead storage on the insured premises; We cover a land motor vehicle not subject to motor vehicle registration and designed to assist the handicapped.
* * *
 This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of employment by an insured person.
Burnett's argument for UM/UIM coverage under her homeowner's insurance policy is based on R.C. 3937.18, which states, in pertinent part, that:
 No automobile liability or motor vehicle liability policy of insurance * * * shall be delivered or issued unless * * * the following coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds:
* * *
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
Burnett relies on R.C. 3937.18 and Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, in arguing that because the AMEX policy provides coverage for recreational vehicles and residence employees, AMEX must provide UM/UIM coverage under her homeowner's policy. Selander held that:
 the provisions of R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use of hired or non-owned automobiles, but is not issued for delivery with respect to [a] particular motor vehicle.
However, as stated by the Ohio Supreme Court in Davidson v. Motorists Mutual Ins. Co. (2001), 91 Ohio St.3d 262, 268, 744 N.E.2d 713:
 [W]e never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle.
Thus, Davidson held:
 A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.
Id. at syllabus.
Therefore, Burnett's claim that she is entitled to UM/UIM coverage because non-registered recreational vehicles are covered under the policy is without merit.
In regard to the coverage for residence employees, this same issue was recently determined by this court in Davis v. Shelby Ins. Co. (June 14, 2001), Cuyahoga App. No. 78610, unreported, and Hillyer v. State Farm Fire Casualty Co. (Aug. 21, 2001), Cuyahoga App. No. 79176, unreported.
In analyzing language similar to that found in Burnett's policy, this court stated in Hillyer that if any UM/UIM coverage should have been offered, it would have been limited to the residence employee only. Id. Further, as we stated in Davis common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred * * * away from the insured's premises. Davis, citing, Davidson, 91 Ohio St.3d at 269.
Accordingly, we find that Burnett is not entitled to UM/UIM coverage under her homeowner's policy of insurance. Therefore, the judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., CONCUR
[1] Appellee states in its brief that appellant improperly named AMEX Assurance Co., and that the true party is American Express Property Casualty Company. However, both of these companies were named as parties and answered the complaint. Also, the policy states that Burnett was contracting with AMEX Assurance Company for insurance coverage.